IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| AKEEM C. MASON,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Case No. 1:24cv129 (RDA/WEF)<br>) |
| B WRIGHT, *et al.*,<br>    Defendants. | )<br>) |

MEMORANDUM OPINION AND ORDER

Plaintiff Akeem C. Mason, a Virginia state prisoner, has filed a civil action pursuant to 42 U.S.C. § 1983 alleging Defendants Major B. Wright, Major C. Allen, and Captain Wesley Townsend violated his First Amendment rights on the ground that his incoming mail at the Meherrin River Regional Jail—Alberta Facility ("MRRJ") from "family and friends" is sent out-of-state where it is opened, without his consent, and "digitally uploaded onto [an] electronic tablet which is [his] sole source of incoming mail." Dkt. 1 at 4. Plaintiff has also applied to proceed *in forma pauperis* and additionally filed a motion to appoint counsel. Dkts. 2; 6. Because Plaintiff is a prisoner, the Court must screen his amended complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless legal theory," or where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

A Section 1983 complaint must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a Section 1983 complaint must have had personal knowledge of and involvement in the alleged violations of the plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (a plaintiff must allege facts, not conclusions, "that show that an individual was personally involved in the deprivation of his civil rights"); *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury).

## II. Amended Complaint

The Complaint alleges that since June 18, 2022, while detained at MRRJ, Plaintiff's incoming mail from his friends and family has been opened, without his consent, by an off-site contractor, and then uploaded to an electronic tablet for his use.

## III. Analysis

The inspection of non-legal mail, in the absence of allegations that it is censored based upon its subject matter, does not allege a constitutional violation. In *Altizer v. Deeds*, 191 F.3d 540 (1999), the Fourth Circuit held that a prison policy of routinely inspecting an inmate's outgoing mail met the *Turner v. Safley*, 482 U.S. 78 (1987) standard that set forth four factors "relevant in determining the reasonableness of the regulation at issue." *Id.* at 89:

> First, is there a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"? Second, are there "alternative means of exercising the right that remain open to prison inmates"? Third, what "impact" will "accommodation of the asserted constitutional right . . . have on guards and other inmates, and on the allocation of prison resources generally"? And, fourth, are "ready alternatives" for furthering the governmental interest available?

*Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting *Turner*, 482 U.S. at 89-90). *Altizer*, applying *Turner*, expressly found that prisons have a legitimate security interest in opening and examining outgoing mail. *See Alitzer*, 191 F.3d at 549. The Fourth Circuit relying on *Altizer*, subsequently found that a "necessary implication of *Altizer* is that prison officials may open and inspect a prisoner's incoming mail in order to censor it." *Matherly v. Andrews*, 859 F.3d 264, 281 (4th Cir. 2017). The limitations on or interference with an inmate's receipt of incoming mail must also be measured under the reasonableness standard of *Turner*. *See Thornburgh v. Abbott*, 490 U.S. 401, 414-15 (1989).

It is well established that inspecting inmate mail for contraband is a legitimate penological interest. *See Wolff v. McDonnell*, 418 U.S. 539, 577(1974) ("The possibility that contraband will

3

be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening the letters."); *Thongvanh v. Thalcker*, 17 F.3d 256, 258-59 (8th Cir. 1994) (noting that prison officials have a duty to maintain security in the prison and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail).[2] Here, Plaintiff's complaint is that the digitization of his incoming correspondence from his friends and family ("personal correspondence") was performed by an off-site contractor, located out-of-state, and that it was done without his consent. Plaintiff, however, does not dispute that the MRRJ defendants could open, read, and copy that same personal correspondence. The use of a contractor to digitize inmates' personal mail, without more, does not rise to a level of a constitutional violation whether it is done on or off-site. *See Rancourt Little Mt. Woodell v. Wetzel*, No. 20-3235, 2022 WL 17424287, at *2 (3d Cir. Dec. 6, 2022) (finding no "precedent that clearly establishes that it violates the First Amendment for the DOC to use vendors . . . to scan non-privileged mail, send the digital files to the prisons, and destroy the originals"); *cf. Scott v. Clarke*, 64 F. Supp. 3d 813, 819-22 (W.D. Va. 2014) (noting that the provision of duties, such as medical care, for inmates "through the services of a private contractor has no bearing" on the jail's constitutional duties does not "insulate" the jail from constitutional claims because "the contractor's policies and decisions effectively become and constitute the policies and decisions of the State").

In *Wright v. Wilson*, the court found a challenge to MRRJ's policy for opening, copying, and then shredding legal correspondence did not violate the prisoner's constitutional rights. No. 3:23cv746, 2024 WL 4648097 (E.D. Va. Oct. 31, 2024) (E.D. Va. Oct. 31, 2024) (collecting cases).

---

[2] *See, e.g., Walker v. Navarro Cnty. Jail*, 4 F.3d 410 (5th Cir. 1993) (jail has legitimate interest in opening and inspecting incoming mail for contraband); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (inspection of nonprivileged mail does not violate a prisoner's rights); *Martin v. Tyson*, 845 F.2d 1451 (7th Cir. 1988) (inspection of inmate's personal mail for contraband served a legitimate purpose).

4

Further, Plaintiff does not explain how he suffered harm from receiving only a digital copy. *See Sandoval v. Fox*, 135 F. App'x 691, 691 (5th Cir. 2005) (affirming dismissal of plaintiff's claim that guards improperly distributed prison mail because plaintiff was not deprived of his mail and did not otherwise suffer any actual harm); *see, e.g., Lumpkin v. Kaufman Cnty. Sheriff's Off.*, No. 3:21cv1842, 2023 WL 3046354, at *10 (N.D. Tex. Mar. 15, 2023), *report and recommendation adopted*, No. 3:21cv1842, 2023 WL 3047396 (N.D. Tex. Apr. 21, 2023) ("Because prison officials do not violate a prisoner's First Amendment rights by inspecting and copying nonlegal mail, this claim is meritless.").

A mail interference claim requires a showing of harm, which can occur when prison officials fail or refuse to deliver or post mail or when legal mail is delayed. *See Bolding v. Holshouser*, 575 F.2d 461, 464-65 (4th Cir. 1978). However, a prisoner does not have a cognizable mail interference claim if he received and could read his mail. *See Jonathan Lee X v. Murray*, No. 90-6814, 1992 WL 245849 *3 (4th Cir. Sept. 29, 1992) ("[Plaintiff] failed to allege the denial of any benefit as his mail was neither delayed nor misdelivered . . . [therefore, his] claim was properly dismissed."); *United States v. Stotts*, 925 F.2d 83, 88 (4th Cir. 1991) ("It is difficult to see a burden of constitutional dimension when [plaintiff] receives and reads all his incoming mail."); *Williams v. Huffman*, 2009 WL 3367062, at *1 (W.D. Va. Oct. 16, 2009), *aff'd*, 371 F. App'x 438 (4th Cir. 2010). The Complaint neither alleges prejudice nor does it allege that Plaintiff did not receive or could not read his mail through the digital copy uploaded for him. Accordingly, Plaintiff has failed to state a claim for relief and this matter will be dismissed. Plaintiff will, however, be afforded the opportunity to amend his complaint.

### IV. Appointment of Counsel

"A *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *See Whisenant*, 739 F.2d at 163. Here, Plaintiff has not established a colorable claim and is being granted leave to amend to cure his deficiencies. Plaintiff's motion will be denied without prejudice.

### V. Conclusion

Accordingly, it is hereby

**ORDERED** that the Complaint (Dkt. 1) and Motion for Leave to Proceed *in forma pauperis* (Dkt. 2) are **HEREBY DISMISSED** without prejudice, to allow Plaintiff to file an amended complaint in compliance with the requirements of this order; and it is

**FURTHER ORDERED** that Plaintiff particularize and amend his Complaint within thirty (30) days of the date of this Order using the enclosed standardized Section 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, the remedies sought, and (iv) curing the deficiencies noted herein. Plaintiff must reallege all the facts from the original complaint in the amended complaint, and he must include his civil action number, **1:24cv129 (RDA/WEF)**, on the

first page of his amended complaint. Plaintiff is advised that this amended complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that Plaintiff's motion to appoint counsel, Dkt. 6, is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff institution.

Entered this __30__ day of January 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

7